## FLOYD WILLIS & CO. v. RORRISON et al.
### (No. 2192.)

Court of Civil Appeals of Texas. El Paso.
Nov. 28, 1928.

S. P. Sadler, of Dallas, for appellant.
Wm. R. Herring, of Dallas, for appellees.

WALTHALL, J. Appellees, J. W. Rorrison and M. C. Ruggaber, as copartners, doing business under the name of Arthur Young & Co., brought this suit against appellant, Floyd Willis & Co., a corporation. They sue on two counts: First, for a contracted sum of $225.73, for the making of complete detailed examination of the Willis-Rhea account for the seasons of 1924–25 and 1925–26, and expenses for any special trips, or expenses incurred in telegraphic communication with the Interstate Commerce Commission, or other telegraphic or telephonic communication to expedite the settlement of certain claims that might be necessary in connection with said examination, and the settlement of certain claims against certain railroads by Willis-Nichols Company; the second count was upon a quantum meruit on the same contract.

Appellant answered by general denial, and specially answered that the contract was an employment to check an account by the Floyd Willis & Co. on the one part, and Rhea of McKinney on the other part, as shown by the books of Rhea, and that Floyd Willis & Co. were not to pay anything until said services were performed, and that some services were never performed.

Appellant further alleged that about the 1st day of December, 1925, it employed appellees to procure a settlement of certain claims held by Willis-Nichols & Co., against certain railroads, and agreed to pay $250 for said services upon the approval and payment of said claims; that the claims were never paid; and that appellant advanced $250 to appellees on said contract, and sues to offset same against any amount appellees might recover.

The case was tried without a jury, and on the evidence heard the court made substantially the following findings of fact: That plaintiffs and defendant entered into a contract, by the terms of which plaintiffs were to do certain auditing work for defendant, the exact amount of compensation for which was not agreed upon at the time; that it was a part of the agreement that defendant should reimburse the plaintiffs for all reasonable expenses, such as traveling and telegrams advanced and paid by plaintiffs in performing the work; that plaintiffs and their employés in the performance of the agreement actually performed services of the reasonable value of $162.50, including work on the books, papers, and records, made one trip to McKinney, Tex., in performing said work, sent telegrams necessary in connection with the work, and paid for same of the reasonable value of $2.50.

The court found against defendant on its cross-action.

On the court's findings judgment was entered for appellees for $164.80, with interest thereon at 6 per cent. from date of judgment, and that appellant take nothing on its cross-action.

### Opinion.

Under several propositions appellant submits that the trial court's findings of fact have no support in the evidence, and for that reason the judgment should have been for appellant.

Appellees sue upon an express contract for services to be performed by them for appellants as accountants in making a complete detailed examination of the Willis-Rhea account for the seasons stated and expenses incurred in doing so. Appellant by special answer alleged that it employed appellees (Arthur Young & Co.) to make a check of the joint account between it and Willis-Rhea as reflected by its books with books kept by Willis-Rhea, and to pay what such services were reasonably worth. Mr. Floyd Willis, president of his company, testified that such contract was made for his company by Mr. T. M. Bethel, the office manager, secretary,

and treasurer., The only contention made by appellant, as we view it from Mr. Willis' evidence, is that the services to be performed by appellees as he understood the contract, had never been completed. Appellees sent in a report, as stated by Mr. Willis, and as shown by the exhibits. Mr. Willis said: "We thought our books were correct, but we wanted them verified, or rather verify Rhea's books with ours. That is what we employed Young & Company to do. They have never reported to us as to that verification."

Mr. Rorrison testified: Is a public accountant, representing Arthur Young & Co.; testified as to the agreement; said the Willis-Rhea joint account was an operating account in which Willis & Co. and Rhea were jointly interested; they. sold cotton for the joint interest of Willis & Co. and Rhea & Co.; Floyd Willis & Co. employed Arthur Young & Co. to make an audit of the account between Willis & Co. and Rhea; said his company began working under the contract of employment on the 29th of March, 1926, and the last work they did on the auditing was on the 14th of June, 1926; "Mr. Matthews and Mr. Hays started the work and Hays was on the job until they completed the examination and adjustment of the account." Witness testified to certain exhibits shown in evidence as to the work done, the number of employés doing the work, and their names, and the time employed, the expenses incurred, the reasonableness of the charges for the work done.

The trial court based the finding on the second or quantum meruit count.

Mr. Willis expected to have a full accounting and verification of the accounting between the books kept by his company and those kept by Rhea, and that nothing was due for the services rendered until a verification of such auditing was made. Mr. Willis was disappointed in the accounting as not being complete as he expected it would be. But under appellees' evidence the joint accounting with Rhea could not be done as Willis expected. as Rhea refused admission to his books at the time appellee went to McKinney to examine the Rhea books. Conceding that the report of the accounting is not shown to have been verified as Mr. Willis expected it to be, the record shows that in making the report appellees said to appellant: "We believe that the attached statements show sufficient detail, in clear and concise way, of your transactions with Rhea & Company. However, should you require further detail and explanation, we shall be pleased to furnish these, or have our representative call on you in order to clear up any doubtful terms to your entire satisfaction." The record does not show that appellant called for a more complete accounting than was reported. The record does show that appellees called on Rhea to see his books, but that Rhea refused at that time to have his books examined.

■ The question presented by the record here is: Does the record show such facts as entitled appellees to recover on a quantum meruit? We have concluded that it does. The services contracted for were apportionable. Appellees should be permitted, under the record before us, to recover the reasonable value of the services rendered. Fant v. Andrews (Tex. Civ. App.) 46 S. W. 909; Paschall v. Pioneer Savings & Loan Co., 19 Tex. Civ. App. 102, 47 S. W. 98.

In view of the evidence from other witnesses as to what the agreement was, the admission of Hooker's evidence presents no reversible error.

■ In view of witness Rorrison's testimony and that of others, in some respects conflicting with that of Floyd Willis, we think the admission of Exhibit No. 5 presents no reversible error. The exhibit represented the result of the services rendered by appellees to appellant so far as appellees, under their testimony, were able to complete the auditing. The exhibit is too lengthy to copy here.

Finding no reversible error, the case is affirmed.